UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HERIBERTO JANDRES CHAVEZ,<br>    Defendant. | Criminal No. 05-218 |

**DETENTION MEMORANDUM**

The Defendant, Heriberto Jandres Chavez, has been charged by indictment with unlawful, knowing, and intentional distribution of a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). The government requested a detention hearing, which was held on August 5, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

The Defendant here is alleged to have sold crack cocaine to an undercover officer on five different occasions over the course of approximately three months. Furthermore, Defendant's alleged drug distribution took place after Defendant was arrested in Maryland on separate drug possession charges and released pending trial.

**Discussion**

When, as here, a grand jury finds that there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community, he should not be released pending trial.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and

circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release.  *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Over the course of approximately three months, Defendant allegedly sold crack cocaine to an undercover officer on five different occasions.  The first four buys ranged from 14 grams to 28 grams. The fifth buy involved 62 grams of crack cocaine. Thus, the charges are most serious.

The second factor, the weight of the evidence, also favors detention. The police have audio and video recordings of the drug sales, and the sales were made to an undercover officer.

The third factor, the history and characteristics of the Defendant, strongly supports pretrial detention.  According to the government, the Defendant engaged in drug trafficking a mere week after a Maryland court released the Defendant pending trial on separate charges of drug possession in Gaithersburg.  Defendant's refusal to abide by the law after being released by a Maryland court leads this Court to believe that setting even stringent conditions of release or pretrial supervision would likely be futile.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention.  The Defendant's failure to abide by an earlier court's release conditions, along with the current charges before this Court, involving narcotics, clearly demonstrate that he is a substantial danger to the community.  The persistent problem of drug trafficking reported on consistently by the news media bears graphic witness to the fact that narcotics trafficking is an offense that tears the very fabric of our community.  The nature and seriousness of

the danger to the community can hardly be overstated.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: August 5, 2005                          _____
                                               ALAN KAY
                                               UNITED STATES MAGISTRATE JUDGE