

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

January 31, 2006

David Schiller, Esq.
27 West Jefferson Street
Suite #201
Rockville, MD 20850

FILED
APR 6 - 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

    Re:    <u>United States v. Heriberto Chavez</u>
            CR 05-218 (RWR)

Dear Mr. Schiller:

      This letter confirms the agreement between your client, Heriberto Chavez, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>HERIBERTO CHAVEZ'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:</u>

      1. Your client, Heriberto Chavez, agrees to admit guilt and enter a plea of guilty to Count Four: Unlawful Distribution of 5 grams or More of Cocaine Base, in violation of 21 United States Code Sections 841(a)(1) and 841(b)(1)(B)(iii). Your client understands that pursuant to 21 United States Code §841(a)(1) and 841 (b)(1)(B)(iii), the crime of Unlawful Distribution of 5 grams or More of Cocaine Base carries a maximum sentence of not less than five years and not more than 40 years imprisonment, a $2,000,000 fine and at least 4 years of supervised release. Your client also agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that he will be sentenced according to 18



COURT EXHIBIT #2

U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

    2. Your client agrees that the proffer at Paragraph 10 of this document fairly and accurately describes his actions and involvement in the offenses to which he is pleading guilty. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for ~~123.6~~ grams of cocaine base and 25 grams of cocaine hydrochloride, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute.

    3. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

    4. Your client agrees to continuing detention pursuant to 18 U.S.C. § 3143(a) pending sentencing in this case.

    5. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

    6. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

    7. ~~Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter.~~ In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence



2

litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8. The Government agrees not to oppose a sentence at the low end of the applicable sentencing guideline range. ~~However, your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter.~~ In addition, the Government and your client agree that neither party will seek an upwards or downwards departure outside of your client's applicable guideline range.

9. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

10. Your client must specifically admit the following acts as part of his plea of guilty in this case:

During 2004, a joint ATF-HIDTA and MPD Major Narcotics Branch Task Force established an undercover storefront that purportedly worked on cars in the 1100 block of Mount Olivet Road, NE, Washington, D.C. The office space at that location was equipped with audio-video equipment to capture illegal drug transactions between Confidential Informants (CI), undercover police officers and drug dealers. Drug deals taking place off-premises were also recorded in cars equipped with audio-video equipment

This case involves the Defendant Heriberto Chavez selling cocaine powder and cocaine base (crack) on ~~five~~ four separate occasions from October through November 2004. The total amount of illegal drugs the Defendant Chavez sold to confidential informants and undercover police officers in this operation was ~~123.6~~ 112.6 grams of cocaine base and 25 grams of cocaine hydrochloride. The sales were as follows: ~~107.6~~

a. **September 1, 2004**: Defendant Chavez sold 25 grams powder cocaine to a CI for $850 in the vicinity of the Safeway located at Piney Branch and Georgia Ave. NW, Washington, D.C.
b. **October 8, 2004**: Defendant Chavez sold 28 grams cocaine base to an undercover MPD officer for $1200 in the vicinity of the CVS located at 6514 Georgia Ave. NW, Washington, D.C.
c. ~~**October 18, 2004**: Defendant Chavez sold 14 grams cocaine base to an undercover MPD officer and a CI for $600 at the undercover storefront~~

~~located in the 1100 block of Mount Olivet Road, NW, Washington, D.C.~~

d. **October 27, 2004**: Defendant Chavez sold 28 grams cocaine base to an undercover MPD officer and a CI for $1200 at the undercover storefront located 1100 block of Mount Olivet Road, NW, Washington, D.C.

e. **November 18, 2004**: Defendant Chavez sold 56.6 grams cocaine base to an undercover MPD officer and a CI for $2000 at the undercover storefront located 1100 block of Mount Olivet Road, NW, Washington, D.C.

THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

11. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

GENERAL CONDITIONS

12. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

13. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

14. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

John V. Geise
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, David Schiller, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 4/3/06

_____
Heriberto Chavez

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and fully discussed the provisions of the agreement with my client. These pages accurately and completely sets forth the entire plea agreement.

Date: 4/3/06

_____
David Schiller, Esquire
Attorney for the Defendant