UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Cr. No.  05-218-01 (RWR) |
| | : | |
| HERIBERTO JANDRES CHAVEZ, | : | |
| | : | |
| Defendant. | : | Sentencing hearing: June 16, 2006 |
| | : | |

**GOVERNMENT'S MEMORANDUM
IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum to assist the Court in fashioning an appropriate sentence in this case.

**I.   Facts**

Defendant Heriberto Chavez entered a plea of guilty to Count Four of the Indictment admitting to distributing over five grams of cocaine base, also known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).  As part of his plea agreement, Mr. Chavez acknowledged that over the course of four separate sales to confidential informants and undercover police officers, he was responsible for the distribution of 112.6 grams of crack cocaine and 25 grams of powder cocaine.  The details of these sales, all of which took place during the fall of 2004, are contained in the Factual Proffer filed with the Court at the time of Mr. Chavez's plea.

1

**II.     The Applicable Sentencing Guidelines Range**

The Court should adopt the calculations of the sentencing Guidelines range set forth in the PreSentence Investigation Report (PSR).  Those calculations begin by determining an offense level for Mr. Chavez's case.  Based upon the quantity of drugs involved, the defendant's base offense level is 32, as found in USSG §2D1.1(c)(4).  The defendant is eligible for an adjustment to his base offense level because of his acceptance of responsibility.  The Government has filed a separate motion as required by USSG §3E1.1(b) supporting a three level adjustment for Mr. Chavez's acceptance of responsibility.  The Government also agrees that under USSG §2D1.1(b)(7) the defendant is eligible for a further two level adjustment because each of the criteria set out in USSG §§ 5C1.2(a)(1)-(5) and 18 U.S.C. §§ 3553(f)(1)-(5) are satisfied.  The PSR accurately shows that these adjustments result in a total offense level of 27.  The defendant has a criminal history category of level I.  The resulting guideline range is 70 to 87 months.  The Government agrees with the PSR writer that this is the correct guideline range and urges the Court to accept that range as appropriate for Mr. Chavez.

**III.    Sentencing Factors**

The Court is no longer required to sentence within the guidelines range.  Rather, under <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Court must consider the factors set out in 18 U.S.C. §3553(a) and fashion a reasonable sentence for each defendant.  The Government suggests that in this case the Guidelines range of 70 to 87 months incarceration is the result of calculations that adequately account for all factors set out in section 3553(a).

Subsection (1) of 3553(a) directs the Court to consider the "nature and circumstances of the offense and the history and characteristics of the defendant." The guidelines calculations of a total offense level and a criminal history category explicitly come from the facts of this defendant's crime and this defendant's criminal history. By using the level and category from these facts unique to this defendant in a single, nationwide, grid system, the guidelines also satisfy the direction in subsection (6) of 3553(a) that the Court consider, "the need to avoid unwarranted sentence disparities among defendants with similar records" who commit similar crimes.

Subsection (2) of 3553(a) sets out a number of factors for the Court to consider including deterrence, protection of the public, punishment, the seriousness of the offense, and rehabilitation of the defendant. Congress saw fit to require a mandatory minimum sentence of 60 months for Mr. Chavez's crime. Clearly it was the determination of Congress that distribution of significant quantities of crack cocaine is a serious offense and that the proper punishment requires incarceration. Likewise, there can be no doubt that while he is incarcerated, the public is certainly protected from further crimes of the defendant. The guidelines range of 70 to 87 months incarceration for Mr. Chavez is not an unreasonable range in light of the factors from subsection (2) of 3553(a).

As acknowledged above, Mr. Chavez meets the criteria set out in section 3553(f) and section 5C1.2(a)(1)-(5) of the Guidelines permitting the Court to impose a sentence without regard to the statutory minimum sentence. This section of the Code essentially allows the Court to reward non-violent defendants who acknowledge their crimes and do not have a significant criminal record. But the Guidelines also specifically reward defendants with these characteristics by decreasing the offense level by two levels. In this

case, even with that reward, the Guidelines range for Mr. Chavez of 70 to 87 months is greater than the statutory minimum sentence of 60 months. Therefore, because the Guidelines adequately take into account the factors set out in section 3553(f), the Government recommends that the Court not disregard statutory minimum sentence in this case.

**IV.     Conclusion**

The Guidelines calculations in this case adequately account for the seriousness of the defendant's conduct as well as both the positive and negative factors in his history. The resulting range of 70 to 87 months incarceration is an appropriate range for this case and the Government asks the Court to fashion a sentence within that range. In conformity with paragraph eight of the plea agreement, the Government does not oppose a sentence at the low end of this range.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        D.C Bar number 451058

BY: _____
        BRYAN ROSLUND
        Special Assistant United States Attorney
        Organized Crime and Narcotics Section
        555 4th Street, N.W.  #4108
        Washington, DC 20001
        (202) 514-4922; Fax: (202) 353-9414