UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>CR-05-218 (RWR)</u> |
| | : | |
| vs. | : | |
| | : | |
| HERIBERTO CHAVEZ | : | |

<u>**DEFENDANT'S SENTENCING MEMORANDUM**</u>

    Heriberto Chavez, through his attorney, David A. Schiller, Esq., respectfully submits this Sentencing Memorandum. The purpose of this Memorandum is to address the factors set forth in 18 U.S.C. § 3553(a) that include the nature of the offense, history and character of the defendant and the needs of the public, to facilitate the statutory directive for the Court to impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing. *See generally United States v. Ranum*, 353 F. Supp. 2d 984 (E.D. Wisc. 2005).

**I. NATURE OF THE OFFENSE**

    Mr. Chavez has accepted responsibility for his involvement in the illegal sale of drugs. Mr. Chavez has worked at various jobs all his life and only recently did he become involved in selling small amounts of cocaine. His decision to engage in criminal behavior was based solely on his stupid idea that he could generate a little extra money with minimal effort. Mr. Chavez unfortunately did not take into consideration the likely result that getting caught would certainly result in his incarceration and separation from his loving wife and dependant children. In support of Mr. Chavez' minimal criminal involvement, despite his early acceptance of responsibility and demonstrated willingness to assist federal authorities by meeting with authorities in both the District of Columbia and Maryland, Mr. Chavez simply never bought or sold sufficient quantities of drugs and lacked the criminal connections to accomplish that end. It is odd that a major drug dealer is often in a better position for early and/or immediate release

than Mr. Chavez who has never been involved in any violent criminal conduct and who is - by the Government's own admission and action - too small of an offender to warrant Government assistance.

## II. HISTORY AND CHARACTER OF THE DEFENDANT

The pre-sentencing report details an individual who lives by modest means, who has a strong family network, who has an extremely strong concern for the well being of his wife and children – all of which is suggestive of a person with no future propensity for criminal conduct. Mr. Chavez has limited education a limited ability to read and speak the English language. He has continuously worked full time at various trades without any period of voluntary unemployment. Mr. Chavez was residing with his wife and two children at the time of his arrest and was financially stable. As the Court is aware, Mr. Chavez is currently incarcerated at the District of Columbia Jail and has been since August 2, 2005. Mr. Chavez characterized his time at the Jail as hard and at times unbearable. Mr. Chavez describes large windows of time where the Jail was on 24-hour lock down where Mr. Chavez was confined to his cell for days on end with no end in sight. Much of the delay in Mr. Chavez' plea and sentencing was as a result of his effort to cooperate with the Federal Authorities and gain early release. Mr. Chavez had continued his status/plea dates a number of times to meet with the District of Columbia and Maryland federal agents. Mr. Chavez' desire to help the authorities was driven by his desire to reunite with his wife and children regardless of the terrible living conditions he was made to endure. That decision is consistent with a man who will think long and hard before engaging in criminal behavior.

Mr. Chavez' family members verify that he has consistently taken responsibility for his family duties as a husband, father, and provider. That although Mr. Chavez will be deported to

El Salvador after his sentence is fulfilled, it is clear that Mr. Chavez will provide emotionally and financially for his family whether from abroad or by the relocation of his wife and children to El Salvador.

### III. NEEDS OF THE PUBLIC

The defense recommends a sentence of twenty-four months. This sentence will fulfill the goals of sentencing pursuant to 18 U.S.C. § 3553(a). The Government's request for the presently calculated advisory guideline range of 70-87 months is only one factor of several to be considered by this Court at sentencing. Accordingly, the defense is not asking for a downward departure of the advisory Federal Guidelines sentencing range. United States v. Booker, 543 U.S. 220 (2005).

As defense has previously discussed, Mr. Chavez is not a United States citizen and that status should be taken into consideration in this case. There is no mandatory minimum sentence the Court must impose. Mr. Chavez has a limited criminal background and has never been sentenced to a period of incarceration. Mr. Chavez has no prior violent criminal record and seems have a passive non-violent disposition. Mr. Chavez is remorseful and currently complying with all terms and conditions of the warden at the Jail. Mr. Chavez will serve his sentence and then be deported from the United States never to return.

As the pre-sentence investigation report indicates, Mr. Chavez will be denied Federal benefits and he must serve the entire sentence imposed before being deported. As a result of Mr. Chavez' deportation, he will be ineligible for certain programs while serving the sentence in the United States Bureau of Prisons. In addition, the defendant's status as a deportable alien means that Mr. Chavez will not be afforded the opportunity to participate in pre-release, boot camp, or community service programs. The bottom line is that Mr. Chavez will be treated differently and

will serve a longer sentence than similarly situated individuals who are United States citizens or non-deportable aliens. Accordingly, the Court should sentence Mr. Chavez to a period of twenty-four months which is an amount of time sufficient, but not greater than necessary, to accomplish the goals of sentencing.

## CONCLUSION

The defense is not seeking a "downward departure" from the sentencing guidelines, but rather a sentence that is sufficient, but not greater than necessary to accomplish the goals of sentencing under 18 U.S.C. § 3553(a). The sentencing guidelines are but one of several factors for the Court to consider in fashioning an appropriate sentence. It is critical for this Court to fashion a sentence that takes into consideration, pursuant to 18 U.S.C. § 3553(a), the Defendant's individual characteristics such as personal history, work history, family ties, and deportable alien status, that are specifically excluded from a sentencing guidelines calculation. In the present case, a careful consideration and weighing of all of the permissible sentencing criteria strongly militate in favor of the sentence recommended by the defense.

Respectfully submitted,

_____
David A. Schiller
27 West Jefferson Street, Suite 201
Rockville, MD 20850
(301) 315-0801

*Attorney for Heriberto Chavez*